UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL RANKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00439-JRS-MJD |
| ) | |
| WILLIAM P. BARR, ) | |
| B. LAMMER, ) | |
| ) | |
| Respondents. ) | |

**Order Dismissing Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Before the Court is Petitioner Michael Rankins' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2441. Petitioner's instant motion is premised on the COVID-19 pandemic, and he purports to seek home confinement pursuant to 28 U.S.C. § 2241. For the following reasons, the Petition is dismissed.

**Legal Standard**

A federal court may issue a writ of habeas corpus only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose vs. Hodges*, 423 U.S. 19, 21 (1975). Accordingly, habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). This means, in part, that a challenge to the conditions of confinement may not be brought pursuant to 28 U.S.C. § 2241. *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-39 (7th Cir. 1995).

A petition for writ of habeas corpus must be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

## Discussion

In response to the pandemic, the Bureau of Prisons (BOP) has taken steps to protect the health of inmates and staff; this includes, where determined suitable by BOP, the transfer of inmates to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of [18 U.S.C. § 3624(c)(2)], as the Director deems appropriate.

134 Stat. at 516 (CARES Act § 12003(b)(2)). The CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons, but not the courts in this regard.

Mr. Rankins seeks to challenge the denial of his request for placement on home confinement. Although Mr. Rankins seeks to be transferred to home confinement, he does not allege that his custody violates the Constitution. Rather, he challenges the conditions of his confinement. He specifically requests "that this court issue an emergency preliminary injunction to have me placed in home confinement or temporary furlough until the pandemic of COVID-19 is over because DOJ and BOP is obstructing the CARES ACT of 2020." Dkt. 1 at p. 8.

Unfortunately, for Mr. Rankins, a habeas petition is not the appropriate avenue to challenge prison conditions. *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. Cir. 2011) (recognizing the court's "long-standing view that habeas corpus is not a permissible route for challenging prison conditions."). "While COVID-19 has created new challenges, a request for home confinement does

not attack the duration or fact of confinement, only a condition (its location), making § 2241 an improper route." *Savage v. Warden of FCI Pekin*, No. 1:20-CV-1181, 2020 WL 4060768, at *2 (C.D. Ill. July 20, 2020) (citing *Maday v. Fluke*, No. 20-CV-343, 2020 WL 2769486, at *1 (W.D. Wis. May 28, 2020) (holding that § 2241 claim alleging prison was not enacting adequate safety measures against COVID-19 given his health conditions must be dismissed because the petitioner did not challenge the lawfulness of the sentence.). In cases where a prisoner "is not challenging the fact of his confinement, but instead the conditions under which he is being held, [the Seventh Circuit] has held that [he] must use a § 1983 or *Bivens* theory." *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005).

## Conclusion

Mr. Rankins' habeas petition is summarily dismissed pursuant to Rule 4 because he is not challenging the "the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). Judgment consistent with this Order shall now issue.

IT IS SO ORDERED.

Date:   9/28/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL RANKINS
58425056
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808